```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
                                                                       :
M.D., individually and on behalf of E.G., a child with a               :
disability; J.T., individually and on behalf of J.R.T., a              :
child with a disability; R.L. (parent), individually and on            :
behalf of R.L. (child), a child with a disability,                     :
                                                                       :
                                        Plaintiffs,                    :      17-CV-2417 (JMF)
                                                                       :
                     -v-                                               :      MEMORANDUM OPINION
                                                                       :            AND ORDER
NEW YORK CITY DEPARTMENT OF EDUCATION,                                 :
                                                                       :
                                        Defendant.                     :
                                                                       :
-----------------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/05/2018

JESSE M. FURMAN, United States District Judge:

In this action, familiarity with which is presumed, Plaintiffs J.T. and R.L. ("Plaintiffs") sought and obtained summary judgment on their claims for attorney's fees and costs against the New York City Department of Education (the "DOE") pursuant to the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1415(i)(3). *See M.D. v. N.Y.C. Dep't of Educ.*, No. 17-CV-2417 (JMF), 2018 WL 4386086 (S.D.N.Y. Sept. 14, 2018). In an earlier Opinion, the Court deferred ruling on Plaintiffs' request for "fees on fees" — that is, an award of the fees and costs incurred in prosecuting the underlying motion for fees — pending further submissions from the parties. *Id.* at *1. Plaintiffs have now filed a letter and exhibit supporting their request for such fees, (Docket No. 67), which the DOE opposes, (Docket No. 68). Having considered the parties' submissions, the Court grants Plaintiffs $41,816.90 in fees on fees.

As a general matter, "a reasonable fee should be awarded for time reasonably spent in preparing and defending an application" for fees under the federal civil rights fee-shifting statutes. *Weyant v. Okst*, 198 F.3d 311, 316 (2d Cir. 1999). Such fees on fees "should be

granted whenever underlying costs are allowed," which they were in this case. *Id.* Fees on fees are awarded in such a situation because a "culpable defendant should not be allowed to cause the erosion of fees awarded to the plaintiff for time spent in obtaining the favorable judgment by requiring additional time to be spent thereafter without compensation. To hold otherwise would permit a deep pocket losing party to dissipate the incentive provided by an award through recalcitrance." *Hines v. City of Albany*, 862 F.3d 215, 222 (2d Cir. 2017) (internal quotation marks, alterations, and citations omitted). And, as with all fee awards under the federal civil rights fee-shifting statutes, "the essential goal . . . is to do rough justice, not to achieve auditing perfection." *Fox v. Vice*, 563 U.S. 826, 838 (2011).

In their letter seeking fees on fees, Plaintiffs seek compensation for 116.8 hours of attorney time at slightly higher hourly rates ($400, rather than $360, for senior attorneys, and $125, rather than $120, for paralegals) than those the Court found "reasonable" with respect to the underlying administrative proceedings. (Docket No. 67 Ex. 1, at 1). The DOE seeks a "substantial downward departure from even the hourly rates" that the Court awarded for the underlying proceedings, and a percentage reduction "necessary to redress" what Defendants see as "counsel's excessive billing." (Docket No. 68, at 2-3).

Having considered the relevant factors, *see M.D.*, 2018 WL 4386086, at *3, the Court concludes that the hourly rates found to be reasonable in connection with the underlying administrative proceedings constitute the reasonable hourly rates here as well. Next, the Court finds that the hours reflected in Plaintiffs' submissions were "reasonably expended" on Plaintiffs' pursuit of their fee award in this litigation. *See C.D. v. Minisink Valley Cent. Sch. Dist.*, No. 17-CV-7632 (PAE), 2018 WL 3769972, at *11 (S.D.N.Y. Aug. 9, 2018) (awarding fees on fees for the full amount of hours sought, but at the same reduced rate as used in the

underlying fee award). As the Court noted in its earlier opinion, the DOE is poorly positioned to object to the amount of time Plaintiffs have spent litigating this action, having opposed both the underlying administrative claims and this action at every stage despite acknowledging that Plaintiffs' substantive IDEA claims were "indefensible." *M.D.*, 2018 WL 4386086, at *3. In the face of "indefensible" claims, the best way for the DOE to have avoided a fee award (including an award of fees on fees) would have been to settle those claims, not to object later to the amount of time Plaintiffs were forced to spend in litigation. And, as discussed above, the policy of the federal fee-shifting statutes would be undermined if the Court permitted Plaintiffs' award to be "dissipate[d] . . . through [the DOE's] recalcitrance." *Hines*, 862 F.3d at 222. In any event, the Court has reviewed Plaintiffs' billing entries and finds the DOE's objections to be without merit. Further, the Court notes that Plaintiffs have appropriately sought compensation for travel time at an hourly rate discounted by fifty percent (which the Court will discount further to account for the reduced rates awarded here) and only for a single hour per trip. *See M.D.*, 2018 WL 4386086, at *3, *6. Finally, the Court also concludes that Plaintiffs' requested costs are reasonable, and thus awards the full amount of such costs.

For the foregoing reasons, Plaintiffs are awarded a total of $41,816.90 — representing $41,502.00 in attorney's fees and $314.90 in costs — as fees on fees. The Clerk of Court is directed to close the case.

SO ORDERED.

Dated: October 5, 2018
      New York, New York

                                    JESSE M. FURMAN
                                    United States District Judge